

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Drake v. Steamfitters Local

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Drake v. Steamfitters Local" (2005). *2005 Decisions.* Paper 691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1493
_____

OLIVIA DRAKE,

Appellant

v.

STEAMFITTERS LOCAL UNION 420
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 01-cv-06968)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2005

Before:  RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed   August 16, 2005 )
_____

OPINION
_____

PER CURIAM

Appellant Olivia Drake appeals pro se the District Court's grant of Steamfitters

Local Union 420's (Local 420) motion for summary judgment on her complaint alleging

numerous civil rights violations under 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and 43

Pa. Cons. Stat. Ann. §§ 951-963 (PHRA). For the reasons that follow, we will affirm. We will also grant Appellee's motion to seal Appellant's brief.

The parties are familiar with the facts, thus, we will only briefly summarize them here. In 1980, Drake entered an apprenticeship training program administered by the Local 420 Joint Apprenticeship Training Program (JATP), an employee benefit plan under 29 U.S.C. § 1002(1). Drake completed the program in 1984. She then started paying Local 420 membership dues as a journeyperson, which she continued paying until 1997. Local 420 then terminated her membership status after six months of non-payment. Around the same period, Drake sued Local 420 for violations similar to those alleged in the current complaint, but lost in the District Court, Drake v. Steamfitters Local Union 420, E.D. Pa. Civ. No. 97-cv-00585, and on appeal in this Court. Drake v. Steamfitters Local Union 420, 242 F.3d 370 (3d Cir. Oct. 17, 2002) (Table).

She took no further action until May 2, 2000, when she filed the underlying charges with the Equal Employment Opportunity Commission (EEOC). Declining to act on the charges, the EEOC issued Drake a right-to-sue letter on September 25, 2001. Drake then filed the current complaint alleging numerous civil rights violations. In August, 2003, the District Court dismissed the complaint for failure to prosecute, which was vacated by this Court on May 10, 2004. Upon returning to the District Court, Local 420 deposed Drake and filed a motion for summary judgment on all claims. The District Court granted the motion, finding that the majority of the claims were time-barred and the

2

remaining counts lacked support. Drake appealed. "We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review." See Kelly v. Drexel University, 94 F.3d 102, 104 (3d Cir. 1996).[1]

We largely agree with the District Court that Drake's complaint can be broken down into several categories. Thus, there is no need to repeat the extensive categorization here. Assuming arguendo that Drake's claims are asserted against the proper party,[2] the majority of her claims are time-barred. Where an injury arises in Pennsylvania, a Title VII claim must be brought with the EEOC within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1016.13(a)(4); West v. Philadelphia Elec. Co., 45

---

[1] Local 420 filed a motion to strike or seal Drake's informal brief pursuant to Federal Rule of Appellate Procedure 27(a) on the grounds that Drake fails to argue any points relevant to the District Court's reasons for granting summary judgment and that throughout the document Drake makes unsupported inappropriate allegations against the District Court and Appellee's attorneys, officials, and members. We find that Drake's informal brief is largely lacking in substantive legal argument and attempts to publicly damage the reputation and standing of persons both in and outside of this litigation. Thus, we will grant Appellee's motion to seal. See Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 660-64 (3d Cir. 1991) (finding that the presumption of public access to documents in a civil proceeding is not absolute, and may be overcome by weighing the countervailing reasons for prohibiting public access). We also note that Drake's claims of misconduct on the part of Local 420 and its counsel are baseless. Further, she provides no support for her claim that the District Court's January 27th order was in retaliation for our reversal of an earlier motion to dismiss.

[2] Local 420 argues that any claims relating to the JATP, the apprenticeship program, or the pension and retirement funds are meritless because it has no legal authority over these programs. We express no opinion on the merit of this claim. Local 420 fails to provide any documentary evidence to support its claim, but Drake has failed to refute the assertion. However, irrespective of whether Local 420 is correct, it does not alter the results of this litigation.

F.3d 744, 754 (3d Cir. 1995).[3] Drake filed her charge on May 2, 2000, meaning the limitation period prevents the consideration of any act occurring prior to July 7, 1999. Although several of Drake's claims assert continuous or ongoing violations, Drake's relationship with Local 420 terminated in 1997. After her membership status ended, she was no longer entitled to the benefits she claims were denied because of her race and gender, such as job referral, voting rights, and the ability to run for office.

Drake argues in her reply brief that her membership status was not revoked until 2000, but she concedes she stopped paying dues in 1997. Neither party has submitted a copy of a notice of expulsion. However, the Union's Constitution expressly provides that "[a]ny member in arrears for dues for a period of six (6) months shall stand expelled . . . ." United Association Constitution § 165 (1986). Drake does not argue, and the record does not reflect, that she is entitled to equitable tolling.

Only claims 9 and 31 survive the statute of limitation. However, they fail on their merits. Claim 9 alleges that in February of 2000, Local 420 stated Drake was not

---

[3] We need not decide whether the 300-day period applies to Drake, or whether the shorter 180-day period is applicable in this instance. In West, we recognized that the 300-day limitation period applies only when "the plaintiff has initially instituted proceedings with a state or local agency . . . ." West, 45 F.3d at 754 n.8. See also 29 C.F.R. § 1601.13 (discussing the applicable limitation periods where a state agency defers or accepts a charge). The record fails to show that Drake initially filed her complaint with the Pennsylvania Human Rights Commission (PHRC), or that the EEOC forwarded the complaint to the PHRC. Regardless, Local 420 concedes the applicability of the 300-day period. Additionally, the PHRA applies a 180-day limitation period. See 43 Pa. Cons. Stat. Ann. § 959(a)-(h). Irrespective of which period applies, Drake's claims remain time-barred.

4

qualified for positions despite her JATP training. Even if we accept that the statement was made, Drake cites no adverse employment action. See Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004). With respect to claim 31, Drake fails to counter Local 420's assertion that any withdrawal or transfer of her pension fund is permitted at all.

For all of the foregoing reasons, Drake's claims are either time-barred or lack persuasive merit. Accordingly we will affirm.